UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN DOMINGUEZ,<br><br>       Plaintiff,<br><br>vs.<br><br>F. PADILLA, et al.,<br><br>       Defendants. | 1:18-cv-01731-NONE-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE PROCEED ONLY AGAINST DEFENDANT PADILLA FOR RETALIATION UNDER THE FIRST AMENDMENT AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 13.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Marvin Dominguez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On December 26, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On October 15, 2019, the court screened the Complaint and dismissed it for failure to state a claim, with leave to amend. (ECF No. 10.) On December 18, 2019, Plaintiff filed the First Amended Complaint which is now before the court for screening. (ECF No. 13.) 28 U.S.C. § 1915A.

In the original Complaint Plaintiff brought multiple claims against multiple defendants.[1] (ECF No. 1.) Now, in the First Amended Complaint, Plaintiff omits all of the defendants except one, Correctional Officer (C/O) F. Padilla, and omits all of the claims except one, for retaliation in violation of the First Amendment.

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

---

[1] In the original Complaint, Plaintiff named as defendants Correctional Officer (C/O) F. Padilla, C/O J. Oregel, C/O Oakley, Sergeant M. Owens, Stu Sherman (Warden, SATF), T. Cisneros (Chief Deputy Warden), Kathleen Alison (Director, CDCR), M. Voong (Chief of Appeals), and H. Liu (Appeals Examiner). (ECF No. 1.) In the court's screening order for this Complaint, the court addressed claims for violation of the Free Exercise Clause of the First Amendment, RLUIPA, Equal Protection, improper prison appeals process, adverse conditions of confinement under the Eighth Amendment, failure to intervene under the Eighth Amendment, and retaliation. However, the found that Plaintiff failed to state any cognizable claims in the Complaint. (ECF No. 10.)
.

To state a viable claim for relief Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III.  SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as the sole defendant Correctional Officer (C/O) F. Padilla ("Defendant").

Plaintiff's factual allegations follow:

Plaintiff is an active adherent to Judaism and a participant in the CDCR's Kosher Diet Program. The Kosher Diet program allows Plaintiff to follow his religious practices that encompass "Hassid Chabad" tenets within Halachah (Jewish Law), washing hands before saying a blessing and after consuming meals. (First Amended Comp., ECF No. 13 at 3.) SATF provides pre-packaged shelf stable Kosher food and sets Kosher Row Tables, and when not available Kosher meal participants are allowed to take their meals out of the dining hall and eat them inside their housing in order to follow Jewish religious practice laws.

On November 17, 2017, Plaintiff was served a rotten Kosher meal. Plaintiff asked for a replacement meal, to no avail. On November 21, 2017, he filed a 602 appeal.[2] On December 20, 2017, while Plaintiff was being interviewed for the 602 appeal, defendant Padilla (without authorization) walked in and listened to the whole interview while staring at Plaintiff with a very angry expression on his face (mad-dogging), meant to intimidate Plaintiff. Defendant Padilla has a history of intimidation and is a member of the "Green Wall," a "guards gang" that uses grievance interview tactics by guards to instill fear in prisoners so they will withdraw their

---

[2] Here, Plaintiff refers to Exhibit A, which presumably is a copy of the grievance. (ECF No. 13 at 9 ¶ 26.) Throughout the First Amended Complaint Plaintiff refers the court to other exhibits. However, no exhibits were attached to the First Amended Complaint or otherwise submitted to the court.

grievances. (First Amended Comp., ECF No. 13 at 8-9 ¶ 26.)[3] When Plaintiff refused to drop the grievance it triggered a violent reaction from defendant Padilla who jumped out of his chair and marched out of the office, slamming the door behind him. Plaintiff asked the interviewer if there would be retaliation from guards, and the interviewed commented, "I don't have control of the guards." (Id.)

On January 3, 2018, Plaintiff privately fasted the entire day in accordance with Judaism's customs in recognition of "Kitzur Shulhan Arukh, chapter 127." (Id. at 8-9 ¶26.)

On January 4, 2018, the A-facility kitchen had multiple water leaks from the roof that dripped down into the chow hall and onto dining tables, this water leakage mixed with dead animals, bird/mice feces, and mold, releasing a foul odor. Defendant Padilla worked with officers Oregel [not a defendant], Oakley [not a defendant], and Owens [not a defendant] outside the kitchen monitoring prisoners entering and exiting the kitchen. As Plaintiff picked up his Kosher meals he was advised by the Kahal Manhig (Congregation Leader) that it was okay to take meals out. Kahal Manhig was talking to defendant Padilla obtaining authorization for Jewish Kosher participants to do so because of the horrible dining room conditions that contaminated the assigned Jewish tables.

As Plaintiff exited the A-facility kitchen he was stopped by defendant Padilla while officers Oregel and Oakley observed. Defendant Padilla asked him why he was taking his meals out. Plaintiff explained and despite Padilla giving the Kahal Manhig permission, Padilla ordered Plaintiff (while allowing others to pass by with their meals) to throw his meals in the garbage without the option of going back into the dining hall to eat them. When Plaintiff explained why he could not throw them away, Padilla said, "I don't give a f**k! I take both, how about that?" Id. at ¶ 33. Padilla violently snatched the meals out of Plaintiff's hand and threw them into a nearby trash can. Officer Oregel observed this and told defendant Padilla, "You are sick in the head, bro," meaning that defendant Padilla suffered from serious mental health issues. Id. at 10

---

[3] All page numbers cited herein are those assigned by the court's CM/ECF system and not based on Plaintiff's pagination of the First Amended Complaint.

4

¶ 34. Sergeant Owens was in charge of the A-facility's dining hall operations on January 4, 2018. Sergeant Owens was defendant Padilla's supervisor who did not intervene although he is responsible to do so. Sergeant Owen's failure to act to correct defendant Padilla's retaliatory acts was done to avoid retaliation by the guards gang (Green Wall) of which defendant Padilla is a known and active member.

Plaintiff informed defendant Padilla about Jewish laws that, due to the kitchen's condition, prohibited Plaintiff from uttering holy words, such as a blessing, before ritually cleaning his hands at mealtime, and prohibited Plaintiff from eating at a table with other prisoners eating non-Kosher meals. CDCR title 15 § 3050(2) allows accommodations for those on religious programs or religious observances to eat their meals inside their housing as Muslims do during Ramadan.

Defendant Padilla's violent actions against Plaintiff during his December 20, 2017 grievance interview, and then days later when foul water contaminated the religious sections of the chow hall were directly motivated by Plaintiff refusing to withdraw his grievance. Plaintiff's 602 appeal relating to food and religious practices triggered defendant Padilla to do what he did, besides Plaintiff's filing of the grievance in which Padilla intruded without authorization during the interview.

As a result Plaintiff suffered stomach cramps from lack of food, dizzy spells, slight constipation, and extreme nervousness because defendant Padilla might carry out further retaliation. Padilla knew that even his supervisor or fellow officers would not intervene to stop him. Many of them honor the Green Wall prison guards' gang mentality and code of silence, which CDCR and the media have called unlawful yet which is still practiced by CDCR guards and supervisors.

On December 14, 2018, defendant Padilla again stopped Plaintiff when he was leaving the dining hall and violently snatched Plaintiff's Kosher meals from him. This happened one week after Plaintiff was transported to testify in court against SATF's kitchen conditions.

Plaintiff claims there is an A-facility vocation video recording which would prove Plaintiff's claim entirely, showing defendant Padilla's violent torts committed against Plaintiff

after he refused to withdraw his prior filing of a grievance for receiving a rotten Kosher religious meal.

Plaintiff seeks $30,000.00 general damages, punitive damages, reasonable attorney fees, interest at the legal rate on all claims for compensatory damages, and costs of suit. Plaintiff is open to participating in settlement proceedings.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)); "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479

F.3d at 1183 (quoting <u>Johnson</u>, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." <u>Arnold v. Int'l Bus. Mach. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981); <u>see</u> <u>also</u> <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. **Plaintiff's Exhibits**

In the First Amended Complaint Plaintiff refers to exhibits which were not attached to or submitted with the First Amended Complaint.[4] Therefore the court was unable to review Plaintiff's exhibits when screening the First Amended Complaint.

### B. **Retaliation**

Plaintiff claims that defendant Padilla retaliated against him in violation of the First Amendment.

As discussed by the Ninth Circuit in <u>Watison v. Carter</u>:

> "A retaliation claim has five elements. <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009). First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. <u>Rhodes v. Robinson</u>, 408 F.3d 559, 568 (9th Cir. 2005).
>
> Second, the plaintiff must claim the defendant took adverse action against the plaintiff. <u>Id.</u> at 567. The adverse action need not be an independent constitutional violation. <u>Pratt v. Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere *threat* of harm can be an adverse action...." <u>Brodheim</u>, 584 F.3d at 1270.
>
> Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. <u>See</u> <u>Pratt</u>, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); <u>Murphy v. Lane</u>, 833 F.2d 106, 108–09 (7th Cir. 1987).
>
> Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." <u>Robinson</u>, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," <u>Brodheim</u>, 584 F.3d at 1269, that is "more than minimal," <u>Robinson</u>, 408 F.3d at 568 n.11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. <u>Id.</u> at 569.

---

[4] In the original Complaint, Plaintiff also referred to exhibits that were not attached to the Complaint or otherwise submitted to the court. (<u>See</u> court's screening order, ECF No. 10 at 21 ¶ K.)

7

Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir.1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, <u>id.</u>, or that they were "unnecessary to the maintenance of order in the institution," <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1230 (9th Cir.1984)."

<u>Watison v. Carter</u>, 668 F.3d 1108, 1114-15 (9th Cir. 2012).

The court finds that Plaintiff's allegations in the First Amended Complaint state a cognizable claim against defendant Padilla for retaliation in violation of the First Amendment.

### C. Torts Claims

Plaintiff alleges that defendant Padilla committed torts against him. However, Plaintiff also acknowledges that he "did not file a state government claim with the states claim board, therefore, any state tort claim is moot and not sought by this action." (ECF No. 13 at 6 ¶ 3.)

As Plaintiff is aware, the Government Claims Act requires exhaustion of state law claims with California's Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. <u>Shirk v. Vista Unified Sch. Dist.</u>, 42 Cal.4th 201, 208-09 (Cal. 2007); <u>State v. Superior Court of Kings Cnty. (Bodde)</u>, 32 Cal.4th 1234, 1239 (Cal. 2004); <u>Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.</u>, 237 F.3d 1101, 1111 (9th Cir. 2001); <u>Mangold v. California Pub. Utils. Comm'n</u>, 67 F.3d 1470, 1477 (9th Cir. 1995). Plaintiff has not done so. Therefore, Plaintiff's torts claim fails.

### D. Relief Requested – Declaratory Relief and Attorney's Fees

Plaintiff requests monetary damages, declaratory relief, attorney's fees, and costs of suit.

Plaintiff's request for declaratory relief should be denied because it is subsumed by Plaintiff's damages claim. See <u>Rhodes v. Robinson</u>, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005) (because claim for damages entails determination of whether officers' alleged conduct violated plaintiff's rights, the separate request for declaratory relief is subsumed by damages action); <u>see also Fitzpatrick v. Gates</u>, No. CV 00-4191-GAF (AJWx), 2001 WL 630534, at *5 (C.D. Cal. Apr. 18, 2001) ("Where a plaintiff seeks damages or relief for an alleged constitutional injury that has already occurred declaratory relief generally is inappropriate[.]") "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial

discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948); see also Hewitt v. Helms, 482 U.S. 755, 762-63 (1987); Public Affairs Assocs., Inc. v. Rickover, 369 U.S. 111, 112 (1962) (per curiam); Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 533 (9th Cir. 2008). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985) (en banc) (per curiam). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. A declaration that Defendant violated Plaintiff's rights is unnecessary.

With regard to attorney's fees, "[i]n any action or proceeding to enforce a provision of section[] 1983. . . , the court, in its discretion, may allow the prevailing party. . . reasonable attorney's fees. . . ." 42 U.S.C. § 1988(b). Plaintiff's contention that he is entitled to attorney's fees if he prevails is without merit. Plaintiff is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990), superseded by statute as stated in Warsoldier v. Woodford, 418 F.3d 989 (9th Cir. 2005); Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987); see also Rickley v. Cnty. of Los Angeles, 654 F.3d 950, 954 (9th Cir. 2011) ("The Court accordingly adopted a per se rule, categorically precluding an award of attorney's fees under § 1988 to a pro se attorney-plaintiff.")

## V. CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff states a cognizable claim in the First Amended Complaint against defendant C/O F. Padilla for retaliation in violation of the First Amendment. However, Plaintiff fails to state any other cognizable § 1983 claims against defendant C/O F. Padilla.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Here, the court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court. The court is persuaded that Plaintiff is

unable to allege any facts, based upon the circumstances he challenges, that would state additional cognizable claims. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case proceed only with Plaintiff's retaliation claim against defendant C/O F. Padilla, but no other claims;
2. All remaining claims and defendants be DISMISSED, with prejudice, for Plaintiff's failure to state a claim upon which relief may be granted; and
3. This case be referred back to the Magistrate Judge for further proceedings, including service of process.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 10, 2020**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE